IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WANDA I. SANTOS-FIGUEROA,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO. 11-1973 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Wanda I. Santos-Figueroa (hereafter plaintiff "Santos-Figueroa") filed this action for judicial review of the final decision of the defendant, the Commissioner of Social Security (hereafter "Commissioner"), denying the application for disability benefits upon a request for a disability determination and ensuing benefits. (Docket No. 1). Plaintiff Santos-Figueroa requests the administrative determination denying disability be reversed or it be remanded for re-adjudication due to lack of substantial evidence in support of the determination and findings of the Commissioner that she was not under disability.[1]

On December 19, 2011, the Commissioner answered the Complaint and filed copy of the administrative record. (Docket Nos. 10 and 11). On June 13, 2012, plaintiff Santos-Figueroa, through her legal representative Atty. Pedro G. Cruz-Sánchez, filed a memorandum of law arguing the errors at the administrative proceedings and how the evidence of record and the absence of a vocational expert's testimony failed to fulfill the burden of proof that would support the Commissioner's finding that plaintiff was not

---

[1] U.S.C. Sec. 405(g) provides for judicial review of the final decision of the Commissioner.
   "... [t]he court shall have power to enter, upon the pleadings and transcript
   of the record, a judgment without remanding the cause for rehearing". Section 205(g).

disabled. (Docket No. 12). The Court referred the case to a Magistrate Judge for all further proceedings, including the entry of judgment. (Docket Nos. 6 and 7).

The Commissioner filed the memorandum of law wherein it is requested the matter be remanded for re-adjudication for the administrative decision did not contain the required analysis of the medical opinion of record. (Docket No. 15).

## BACKGROUND

On August 13, 2007, plaintiff filed an application for a period of disability which was denied initially and upon reconsideration. Thereafter, the required administrative hearing was held on January 21, 2010 before Hon. José R. Gautier, Administrative Law Judge (hereafter "ALJ"). The ALJ found plaintiff Santos-Figueroa was not disabled and the Appeals Council denied the request for review.

## ADMINISTRATIVE AND PROCEDURAL HISTORY AND RECORD

Plaintiff Santos-Figueroa claimed disability due to exertional and non-exertional conditions which include cognitive limitations, depression, diabetes mellitus, diabetes neuropathy, high blood pressure, radiculopathy, sensory polyneuropathy, lumbar muscle spasms, cervical and lumbar spondylosis. She performed work as a school bus driver, machine operator and toll collector since alleged onset date of disability of October 6, 2005.

On February 10, 2011, the ALJ issued an opinion determining Santos-Figueroa was not under disability for, although unable to perform her past relevant work, she retained the residual functional capacity to perform light kind of work, simple repetitive tasks with no more than incidental contact with the general public and unskilled in mental functions. (Docket No. 10, Transcript, pp. 17-26).

The ALJ also found that the mental condition, although moderate, only imposed minimal limitations in the ability to sustain work routine. Thus, even without a medical or vocational expert at the administrative hearing held on January 21, 2010, the ALJ concluded in his written opinion there were significant numbers of jobs available in the national economy of light level of exertion that Santos-Figueroa could perform. (*Id.*, pp. 30-41).[2]

## LEGAL ANALYSIS

The Court's review is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. *See* Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938). The findings of the Commissioner as to any fact are

---

[2] The ALJ concluded plaintiff suffered from severe impairments as to diabetes mellitus, diabetes neuropathy, high blood pressure, radiculopathy, sensory polyneuropathy, lumbar muscle spasm, cervical and lumbar spondylosis. (*Id.*, p. 19).

conclusive, if supported by the above stated substantial evidence.[3] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. *See* Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); Rodríguez, 647 F.2d at 222.

The Commissioner has recognized the ALJ's decision before the Court does not present the required analysis of the medical opinions of record nor does it explain how much weight was afforded to each medical record. It is also acknowledged the report of the treating physician was mischaracterized and the ALJ did not address the physician's findings of marked or extreme limitations in multiple areas. As such, the Commissioner requests the matter be remanded as appropriate relief, when an ALJ has ignored evidence, misapplied the law or judged matters entrusted to experts. Nguyen, 172 F3d at 35.

Plaintiff Santos-Figueroa also requested that, in the alternative to vacating the decision of the Commissioner, the case be remanded with instructions to evaluate the whole record and produce a decision consistent with applicable law, rulings and regulations.

In view of the foregoing, this Magistrate Judge agrees to remand the instant case for proper evaluation of the record as a whole, insofar as plaintiff's impairments, medical evidence, and proper assessment of exertional and non-exertional limitations as to her physical and mental conditions. It is further remanded for full and proper evaluation of the medical record and application of the proper administrative regulations.

---

[3] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).

## CONCLUSION

In view of the above, the instant case is REMANDED. Judgment to be entered accordingly.

IT SO ORDERED.

In San Juan, Puerto Rico, on this 27th day of November of 2012.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES MAGISTRATE JUDGE